UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ENRIQUE CORONADO, | ) | |
| Institutional ID No. 43173198, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-00044-BG |
| LENNOX, | ) | ECF |
| Prison Officer of Giles W. Dalby | ) | |
| Correctional Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### Statement of the Case

Proceeding *pro se* and *in forma pauperis*, Plaintiff Enrique Coronado commenced this action seeking redress for constitutional violations that he claims occurred during his incarceration as a federal prisoner at Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated under contract with the Federal Bureau of Prisons (BOP). The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed authenticated records from Dalby Facility and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). The undersigned provided Coronado with an opportunity to consent to the jurisdiction of a United States Magistrate Judge, but Coronado did not consent. Pursuant to the Order of transfer, the undersigned now files this Report and Recommendation.

### Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if the court determines that the

1

complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2012). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" *Id.* at 327. A complaint lacks an arguable basis in fact if the "factual contentions are clearly baseless." *Id.* A court may base a finding of frivolousness on a plaintiff's allegations, testimony at a *Spears* hearing, and authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (stating that dismissals based on frivolousness "can be based on 'medical and other prison records' if they are 'adequately identified or authenticated'") (quoting *Wilson v. Barrientos*, 926 F.2d 480, 483) (5th Cir. 1991)); *Wilson*, 926 F.2d at 483–84 (noting that trial judges "must ascertain what the plaintiff is claiming" to determine whether *in forma pauperis* complaint is frivolous and reversing prior finding that evidence adduced at *Spears* hearing "did not meet adequate indicia of reliability").

## Discussion

As a preliminary matter, Coronado filed his Complaint on a form used for claims brought pursuant to 42 U.S.C. § 1983. However, that statute provides a federal cause of action against only state actors. *See Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1660, 182 L. Ed. 2d 662 (2012) ("Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law."). Coronado has named as Defendants two Dalby Facility security officers whom he identifies as "NFN Lennox" (Officer Lennox) and M. Martinez (Officer Martinez). He has also listed K. Dixon, the warden of Dalby Facility, as a Defendant. None of the individuals that Coronado has listed as a Defendant is a state actor. Accordingly, to the extent that he seeks redress

pursuant to § 1983, his claims are frivolous.

Nevertheless, because "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers[,]" *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), and because Coronado complains of constitutional violations that allegedly occurred during his incarceration as a federal prisoner, the court construes his claims as brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (recognizing a cause of action for monetary relief for constitutional violations by federal officials). *See Witherspoon v. White*, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (construing federal prisoner's constitutional claims against federal officials as brought pursuant to *Bivens*).

I.  Retaliation and Harassment

Coronado claims that Officer Lennox retaliated against him for filing grievances by taking his property, cursing at him, forcing him to do "hard labor," and harassing him with racial and sexual comments and gestures.

To state a constitutional claim for retaliation, an inmate "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Id.* at 325. Rather, he must allege facts that establish direct evidence of retaliatory motivation or "a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). A court may dismiss a retaliation claim as frivolous after a *Spears* hearing when the inmate advances "nothing but the claim itself without the slightest support of any factual allegations." *Whittington v. Lynaugh*, 842 F.2d 818,

3

819–20 (5th Cir. 1988).  Furthermore, "the mere fact that an undesirable action occurred after a long history of filing grievances against [a particular prison official] does not suffice to raise a plausible claim of retaliation."  *Trevino v. Gutierrez*, 426 F. App'x 327, 330 (5th Cir. 2011) (per curiam).

At the *Spears* hearing, Coronado testified that Lennox retaliated against him for grievances submitted in May and November of 2011; he then described the undesirable actions that he claims Lennox took.  When asked why he claimed that Lennox retaliated when he took these actions, Coronado responded, "The officers all work together, and you can tell when it comes from them." In view of the foregoing, Coronado has alleged nothing more than his personal belief that he was the victim of retaliation.  *Jones*, 188 F.3d at 325.  Without more, his allegations that undesirable actions occurred after his history of filing grievances against Lennox do not suffice to raise a plausible claim of retaliation.  *Trevino*, 426 F. App'x at 330.

In addition, Coronado testified at the *Spears* hearing that Officer Lennox harassed him "with words" and by looking at him in a way that he perceived as sexual.  Although sexual and racial harassment are to be deplored whether they occur in prison or elsewhere, "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations."  *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)); *see also Jane Doe 5 v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004) (per curiam) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights[.]").  With respect to Coronado's complaint that Lennox forced him to do hard labor, neither Coronado's allegations nor the authenticated records indicate that Lennox exhibited deliberate indifference to any medical condition by forcing Coronado to work.  "A work assignment alone does not rise to a constitutional violation."  *Mendoza v. Lynaugh*, 989 F.2d 191,

4

194 (5th Cir. 1993) (affirming dismissal of inmate's claim because "prisoners can be required to work, in the absence of deliberate indifference toward their physical condition").

Finally, 42 U.S.C. § 1997e(e) "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." ). Coronado has not alleged that Officer Lennox caused him any physical injury by harassing and retaliating against him. Accordingly, to the extent that Coronado seeks compensatory damages for these allegations, his claims are frivolous.

II.   Due Process

Coronado claims that Officer Martinez violated his rights by imposing disciplinary sanctions against him for refusing to obey an order and insolence toward a staff member. Prison disciplinary proceedings can invoke due process concerns. *See, e.g., Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 453–56, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (discussing due process requirements for disciplinary proceedings that result in loss of good-time credits). "The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009). "Without such an interest, 'no right to due process accrues.'" *Id.* (quoting *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989)).

Federal prison regulations "extend to federal prisoners a protected liberty interest in . . . retaining statutory good time credit." *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984).

5

However, the Due Process Clause "does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Punishment in the form of commissary and cell restrictions are "in fact merely changes in the conditions of [a prisoner's] confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Id.* at 768.

At the *Spears* hearing, Coronado testified that the only punishment he received for the disciplinary case brought by Officer Martinez was 180 days of telephone, commissary, and property restrictions. These restrictions are not atypical, significant deprivations in the prison context. *Id.* Accordingly, Coronado has not alleged a valid liberty interest for which any right to due process accrued. *Id.*

Coronado also complains that Warden Dixon did not respond to a grievance that he submitted regarding Officer Martinez's conduct. However, an inmate "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, this claim, too, is indisputably meritless. *Id.* (holding that inmate's due process claim was "indisputably meritless" because he relied on "a legally nonexistent interest").

### III.   Medical and Dental Treatment

Coronado claims that Defendants deprived him of "elementary medical and dental needs" during his time at Dalby Facility.

In *Bivens*, the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials. *Bivens*, 403 U.S. at 389–98. "The purpose of

*Bivens* is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). *Bivens* does not authorize a cause of action where alternative procedural mechanisms provide effective remedies for constitutional violations. *See id.* at 69–74 (holding that *Bivens* did not authorize federal inmate's claim against private facility in part because he was "not a plaintiff in search of a remedy"). State tort claims, suits for injunctive relief, and BOP administrative procedures whereby inmates may seek formal review of prison practices are examples of alternative procedural mechanisms that provide effective remedies under this standard. *Id.* at 72–74.

Earlier this year, the U.S. Supreme Court clarified that courts cannot imply a *Bivens* action against employees of a privately operated federal prison when "state tort law authorizes adequate alternative damages actions . . . that provide both significant deterrence and compensation" for the claimed constitutional violations. *Minneci v. Pollard*, --- U.S. ----, 132 S. Ct. 617, 620, 181 L. Ed. 2d 606 (2012). "State-law remedies and a potential *Bivens* remedy need not be perfectly congruent" so long as they "provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.* at 625.

In the instant case, Coronado alleges that employees of a privately operated federal prison denied him adequate medical and dental care. Texas law permits inmates to pursue medical malpractice and negligence claims against healthcare providers and prison officials for inadequate medical care. *See Tejada v. Gernale*, No. 01–10–00569–CV, 2011 WL 3524289 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (denying summary judgment and allowing a former inmate's medical malpractice action to proceed against a physician who treated him during

7

his incarceration); *Harris Cnty., Tex. v. Jenkins*, 678 S.W.2d 639 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (affirming judgment of $40,000 awarded to inmate for injuries proximately caused by the negligence of jail and prison officials in providing medical care). In addition, Texas law provides for actual and punitive damages in medical malpractice claims, subject to statutory caps. *See Nowzaradan v. Ryans*, 347 S.W.3d 734, 740 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("In addition to recovering actual damages for the defendant's ordinary negligence [in a medical malpractice claim], a plaintiff may recover punitive damages if he proves the defendant was grossly negligent."); Tex. Civ. Prac. & Rem. Code §§ 74.301–03 (West 2012) (delineating statutory caps).

Because Texas tort law "authorizes adequate alternative damages actions . . . that provide both significant deterrence and compensation" for inmate claims of inadequate medical treatment, *Bivens* does not authorize Coronado's claim regarding medical and dental care. *Minneci*, 132 S. Ct. at 620.

In addition and in the alternative, Coronado's allegations do not state a constitutional violation. Although the Eighth Amendment's prohibition against cruel and unusual punishment protects inmates against a prison official's deliberate indifference to a serious medical need, an official is not liable under this standard unless he "knows of and disregards an excessive risk to inmate health or safety[.]" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). In other words, an inmate must allege that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir.

8

2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos*, 41 F.3d at 235. Furthermore, a delay in medical care constitutes an Eighth Amendment violation only if deliberate indifference "results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

At the *Spears* hearing, Coronado testified that he had waited approximately sixteen months for eye glasses and eighteen months for dental care after he broke a tooth while incarcerated. He also stated that his teeth hurt when they came into contact with hot or cold liquid due to the delay in dental treatment. These allegations of occasional discomfort and inconvenience do not rise to the level of substantial harm and therefore do not establish a constitutional claim for delay in medical treatment. *Id.* Furthermore, Coronado testified that he mistakenly missed the dental appointment that was scheduled to address his complaints and that he had since rescheduled the appointment. Although Coronado stated that the rescheduled appointment had not yet taken place, he has not alleged that anyone at Dalby Facility "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). Accordingly, his allegations do not state a constitutional claim.

## Recommendation

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DISMISS** Coronado's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

## Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated: October 15, 2012.

_/s/ Nancy M. Koenig_
NANCY M. KOENIG
United States Magistrate Judge